UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                  Case No. 07-CR-323

DONALD TEEPLE, JAMES WINGERS,
DANIEL COCOA-VEGA, and
FERNANDO CONTRERAS-MAGELLANAS,

    Defendants.

## ORDER ON PRETRIAL MOTIONS

### I. BACKGROUND

On December 11, 2007, a grand jury sitting in the Eastern District of Wisconsin indicted the defendants, Donald Teeple ("Teeple"), James Wingers ("Wingers"), Daniel Cocoa-Vega ("Cocoa-Vega"), and Fernando Contreras-Magellanas, ("Contreras-Magellanas") with knowingly and intentionally conspiring with each other and with other persons to distribute and to possess with the intent to distribute a controlled substance in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B) and 18 U.S.C. § 2. The defendants were arraigned on January 4, 2008 and pled not guilty. Trial is currently scheduled for March 31, 2008 before United States District Judge Lynn Adelman.

On January 22, 2008, in accordance with the court's pretrial scheduling order, Wingers filed eight pretrial motions: (1) a motion for leave to file additional pre-trial motions (Dkt # 19), (2) a motion for discovery of use of electronic devices (Dkt # 20), (3) a motion for disclosure of impeaching information (Dkt # 21), (4) a motion for attorney voir dire (Dkt # 23); (5) a motion for early return of trial subpoenas (Dkt # 25), (6) a motion to require notice of intention to use other

crimes, wrongs, or acts evidence (Dkt # 26), (7) a motion for pre-trial access to witnesses (Dkt # 27), and (8) a motion to preclude prosecutor from conferring with prosecution witnesses (Dkt # 29). The pretrial scheduling order directed that the government's responses to any such motions were to be filed on or before February 4, 2008. As no responses were filed, Wingers' motions are now fully briefed and ready for resolution.

On January 23, 2008, in compliance with the court's pretrial scheduling order, Cocoa-Vega filed four pretrial motions: (1) a motion for joinder of co-defendant Winger's pre-trial motions (Dkt # 33), (2) a motion for discovery (Dkt # 34), (3) a motion to compel disclosure of information regarding confidential informants (Dkt # 35), and (4) a motion to produce confidential informants (Dkt #36). The government did not respond to Cocoa-Vega's motions. Accordingly, Cocoa-Vega's motions are now fully briefed and ready for resolution.

## II. DISCUSSION

**A.     Winger's Pretrial Motions**

### 1.     Motion for Leave to File Additional Pre-Trial Motions

Wingers first moves the court "for leave to submit additional pre-trial motions based upon the results of pre-trial discovery within a reasonable time after the grounds for such motions have been ascertained." (Mot. at 1.) The pretrial scheduling order directed that all pretrial motions in this case be filed on or before January 24, 2008. In setting this date, the court took into consideration the time needed by the parties to comply with all discovery rules. Because Wingers does not indicate that discovery was not provided in a timely manner in this case, or otherwise establish a need to file pretrial motions after the deadline set by the court, his motion will be denied without prejudice.

## 2. Discovery Motions under Fed. R. Crim. P. 16(a)

Next, Wingers moves for the disclosure of (1) information impeaching government witnesses (Mot. at 1), and (2) the government's use of any electronic eavesdropping or electronic devices in the investigation of this case (Mot. at 1). To the extent that Wingers' motions request information pursuant to Fed. R. Crim. P. 16(a), the motions will both be denied.

At arraignment, the government stated on the record that it would be abiding by the "open file policy" as defined in Criminal L.R. 16.1(a) (E.D. Wis.). Accordingly, the government has agreed to disclose all materials required to be disclosed under Fed. R. Crim. P. 16(a)(1),(A),(B),(C),(D),(E), as if the defendants had filed timely written motions, requesting such information. Crim. L.R. 16.1(a).

Fed. R. Crim. P. 16(a)(1)(E) requires the government to permit the defendant to:

> inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:
> (i) the item is material to preparing the defense;
> (ii) the government intends to use the item in its case-in-chief at trial; or
> (iii) the item was obtained from or belongs to the defendant.

The discovery information requested by Wingers, specifically, information impeaching government witnesses at trial and "recorded results of any use of [electronic eavesdropping or recording] devices . . . utilized in the investigation of this case" seems to fall within the purview of Rule 16(a)(E) as "items material to preparing the defense."

Criminal L.R. 16.1(a) dictates that

> [i]f the government is following the open file policy, . . . the Court must not hear any motion for discovery under Fed. R. Crim. P. 16(a) . . . unless the moving party provides in the motion a written statement affirming (i) that a conference with opposing counsel was conducted in person or by telephone, (ii) the date of such conference, (iii) the names of the government counsel and defense counsel or defendant between whom such conference was held, (iv) that agreement could not be

reached concerning the discovery or disclosure that is the subject of the motion, and
(v) the nature of the dispute.

No such statement was included in either of Wingers' motions. Accordingly, his motions to discover impeachment information and use of electronic devices will be denied.

### 3. Motion to File Attorney Voir Dire

Wingers also moves the court "to permit counsel for Defendant, JAMES WINGERS, thirty minutes of attorney conducted voir dire during the trial of this case." (Mot. at 1.) In my view, the defendant's motion concerning attorney conducted voir dire is best addressed by the trial judge. The defendant may wish to discuss this motion with Judge Adelman at a later date, such as the final pretrial conference. Accordingly, the court will defer this motion to Judge Adelman for resolution.

### 4. Motion for Early Return of Trial Subpoenas

Wingers next moves the court for an order "pursuant to Rule 17 of the Federal Rules of Criminal Procedure . . . setting a date for early return of trial subpoenas to be issued by Defendant in this case." (Mot. at 1.) The defendant, however, provides the court with no detail as to why such early return is necessary. If, at a future date, the defendant wishes to provide the court with more detail as to why the early return of trial subpoenas is necessary, he may seek to file another motion providing such detail. Accordingly, the defendant's motion will be denied without prejudice.

### 5. Motion to Require Notice of Intention to Introduce Rule 404(b) and Rule 608(b) Evidence

Wingers next moves the court for an order "requiring the Government to give notice of its intention to use at the trial of the instant matter, either in its direct case, during the cross-examination of a Defendant, or in its rebuttal case . . . [e]vidence of 'other crimes, wrongs, or acts' of any Defendant, as that phrase is used in Fed.R.Evd. 404(b) . . . [and] [e]vidence of 'specific instances or conduct' of any Defendant as that phrase is used in Fed.R.Evd. 608(b)." (Mot. at 1-2.)

4

Fed. R. Evid. 404(b) allows for the admission of

> other crimes, wrongs, and acts . . . as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, *the prosecution in a criminal case shall provide reasonable notice* in advance of trial, or during trial if the court excuses pretrial notice on good cause shown of the general nature of any such evidence it intends to introduce at trial.

(italics added.)

The government failed to respond to the defendant's motion. Therefore, Wingers' motion will be granted in part and the government will be required to disclose, at least ten days before trial, notice of the general nature of any evidence of other crimes, wrongs or acts that it intends to introduce at trial. The government should also be aware that the notice requirement of Rule 404(b) also extends to evidence the government plans to use during cross-examination and for rebuttal. Fed. R. Evid. 404(b) Advisory Committee Notes; *see also United States v. Antonelli*, No. 97 CR 194, 1998 WL 259526, at *1 (N.D. Ill. May 13, 1998); *United States v. Matthews*, 20 F.3d 538, 551 (2d Cir. 1994).

However, because the government is not required under Rule 404(b) to provide the particularized information the defendant requests, the court will deny the defendant's request for "statements of each participant in said other crimes, wrongs, or acts" and "documents which contain or evidence said other crimes, wrongs, or acts including when the documents were prepared, who prepared the documents and who has possession of them." (*See* Mot. at 1.)

Fed. R. Evid. 608(b) allows for the introduction at trial of "[s]pecific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' character for truthfulness." Rule 608(b) does not include a clause requiring prior disclosure of such information by the government. However, to the extent that the information requested by the defendant falls under the purview of Criminal L.R. 16.1 and Fed. R. Crim. P. 16, such information should already have been disclosed to

5

the defendant under the "open file policy." Accordingly, the defendant's motion for information pursuant to Rule 608(b) will be denied.

   **6.   Motion for Pre-Trial Access to Witnesses**

Next, the defendant moves the court "to provide pre-trial access to witnesses in this case." (Mot. at 1.) In so doing, the defendant cites to the Seventh Circuit Court of Appeals decision in *United States v. Vole*, 435 F.2d 774, 778 (7th Cir. 1970), noting that "witnesses are special property of neither party, and in the absence of compelling reasons, the district court should facilitate access to them before trial whenever it is requested." However, the defendant does not detail for the court what witnesses the government should make accessible for the defense nor does the defendant suggest that he first requested and was denied such access to certain witnesses by the government. Accordingly, the defendant's motion will be denied without prejudice.

   **7.   Motion to Preclude Prosecutor from Conferring with Prosecution Witnesses**

Wingers further moves the court "for a protective order, directing the prosecutor and any of his agents from conferring with prosecution witnesses." (Mot. at 1.) In support of his motion, the defendant cites *Perry v. Leeke*, 488 U.S. 272 (1988). The Supreme Court in *Perry* held that

> it is entirely appropriate for a trial judge to decide, after listening to the direct examination of any witness, whether the defendant or a nondefendant, that cross-examination is more likely to elicit truthful responses if it goes forward without allowing the witness an opportunity to consult with third parties, including his or her lawyer.

*Id*. at 282. The holding allows for, but does not require, a trial judge to prohibit an attorney from consulting with his witness between the direct examination and the cross-examination of that witness. Whether a judge chooses to prohibit such contact is to be based on whether the prohibition "is more likely to elicit truthful responses" from the witness on cross-examination. *Id*. Because there is no way for this court to determine whether such a prohibition on witness/attorney contact would elicit

6

a more truthful response, not having heard any witness testify, the defendant's motion will be denied without prejudice. In any event, this is a matter that would more appropriately be addressed by the trial judge. Thus, the defendant may wish to discuss this matter with Judge Adelman at the final pretrial conference.

**B.     Cocoa-Vega's Pretrial Motions**

**1.     Motion for Joinder of Co-Defendant Winger's Pretrial Motions**

Cocoa-Vega moves the court to join in Winger's pretrial motions filed on January 22, 2008 and discussed above. (Mot. at 1-2.) The pretrial order issued by this court on January 4, 2008, states that "[n]o motions to adopt or join in a motion of a co-defendant will be permitted without prior approval of the court for good cause shown." Cocoa-Vega did not seek prior approval of the court to file his motion to join Wingers' pretrial motions; nor does his motion provide the court with a reason to depart from its previous order. Therefore, in accordance with this court's January 4, 2008 order, the defendant's motion for joinder will be denied.

**2.     Motion for Discovery**

Next, Cocoa-Vega seeks disclosure of an extensive list of documents, records, grand jury transcripts, information, physical evidence, and other tangible objects related to this case. (Mot. at 1-4.)

At the outset, this court notes that the government indicated at the defendant's arraignment and plea hearing that it was following its "open file" policy in this case. In addition, the court ordered the government to turn over to the defendant all relevant grand jury information one business day before the commencement of trial. Therefore, some of the defendant's discovery requests are moot.

Nonetheless, the defendant's motion for discovery is not accompanied by a statement mandated by Criminal Local Rule 16.1(a) (E.D. Wis.). The local rule, which is referenced in the pretrial order issued to the parties at the arraignment and is discussed more thoroughly above, requires that all discovery motions be accompanied by a statement of counsel that the parties have met and conferred and that they are unable to resolve their discovery dispute. Crim. L.R. 16.1l; *see also United States v. Molinaro*, 683 F. Supp. 205, 209 (E.D. Wis. 1988) (Motions that fail to meet the requirements of the local rules are summarily dismissed).

Accordingly, for the reasons stated herein, the defendant's motion for discovery will be denied.

### 3. Motion to Produce Confidential Informant(s)

Cocoa-Vega next moves the court for an order compelling the government to reveal the identity of and to produce any confidential informants utilized during the investigation of this case. (Mot. at 1.) For the reasons set forth below, the defendant's motion will be denied.

It is well-established that the government has a limited privilege to withhold the identity of a confidential informant from a criminal defendant. *Roviaro v. United States*, 353 U.S. 53, 60 (1957). "The purpose of the privilege is the furtherance and protection of the public interest in effective law enforcement. The privilege recognizes the obligation of citizens to communicate their knowledge of the commission of crimes to law-enforcement officials and, by preserving their anonymity, encourages them to perform that obligation." *Id.* at 59.

As established in *Rovario*, when determining whether to compel disclosure of an informant's identity, the court must balance "the public interest in protecting the flow of information against the individual's right to prepare his defense." *Id.* at 62. Under this balancing test, the privilege will not apply "[w]here the disclosure of an informant's identity, or of the contents of his communication, is

8

relevant and helpful to the defense of an accused." *Id.* at 60-61. And, the burden is on the defendant to establish that disclosure is "relevant and helpful to [his] defense" or "essential to fair determination of a cause." *United States v. Jefferson*, 252 F.3d 937, 941 (7th Cir. 2001); *see also United States v. Bender*, 5 F.3d 267, 270 (7th Cir. 1993) (where the public interest in protecting the free flow of information is strong, the defendant must demonstrate a "genuine need" for disclosure). Furthermore, if a defendant meets this burden, the government's obligation to disclose the identity of the informant does not hinge on whether the witness will testify at trial. *See Banks v. Dretke*, 540 U.S. 668, 697 (2004).

To be sure, the government often seeks to maintain the anonymity of an informant out of a concern for his or her safety. This is especially true where the defendants have been charged with a drug-related offense. As the Seventh Circuit Court of Appeals noted in *United States v. Bender*: "Understandably, not many people want to become police informants in light of the violence within the drug subculture. Drug dealers are not known for treating informers with compassion." 5 F.3d at 270.

While Cocoa-Vega's motion accurately sets forth the law under *Rovario*, the defendant provides the court with no reason why there is a genuine need to disclose any informants' identities *in this case*. Indeed, from the defendant's written submissions, the court cannot discern whether or not there are any confidential informants in this case. To be sure, the government did not respond to the defendant's request or otherwise object to revealing such information. However, the burden is on the defendant to convince the court that disclosure of such information is necessary. The court is not persuaded that the defendant has met his burden of showing that the disclosure of the identity of any confidential informants would be "relevant and helpful to [Cocoa-Vega's] defense" or that

9

disclosure is "essential to a fair determination of [the] cause." *See Jefferson*, 252 F.3d at 941. Accordingly, the defendant's motion will be denied.

The defendant further contends that the "government's obligation is not fully satisfied by merely disclosing the identity and location of the confidential informant" but that the government also has an obligation to produce the informant. (Mot. at 2.) In support of this contention, the defendant cites to *United States v. Hart*, 546 F.2d 798, 799 (9th Cir. 1976) (en banc). In *Hart*, the Ninth Circuit Court of Appeals met *en banc* to determine "whether the government was a 'guarantor' of the presence of an informant at the trial of a case in which he had been used," and ultimately determined that "it is not." *Id*. Instead, the court held that "the government must use reasonable efforts to produce a government informant whose presence has been properly requested by the defendant." *Id*. Once again, Cocoa-Vega offers no details as to whether there are any confidential informants whom he wishes the government to produce or when and where they should be produced. Without such details, the defendant's request cannot be considered "proper," and the defendant's motion will be denied.

### 4. Motion to Compel Disclosure of Information Re: Confidential Informant(s)

In addition, Cocoa-Vega moves the court for an order directing the government to disclose not only the identities of any informants, reporting persons, or witnesses involved in the case but also "the existence of any benefits, in whatever form, that may have been provided to any such individuals as rewards or inducement to them to provide information." (Mot. at 2.) Again, the defendant cites Fed. R. Crim. P. 16 in support of his motion as well as to *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny.

Again, this court must deny the defendant's motion for a failure to comply with Criminal Local Rule 16.1(a) because the defendant has failed to note that he conferred with the government

before filing this motion. To the extent that Cocoa-Vega's motion is a motion pursuant to *Brady*, and its progeny, Cocoa-Vega's motion is not a proper motion. *Brady* is a disclosure rule, not a discovery rule. *United States v. Higgins*, 75 F.3d 332, 335 (7th Cir. 1996). "A prosecutor must disclose information favorable to the defense, but disclosure need not precede trial." *Id*. The court is confident that the government is well-aware of its obligations under *Brady* and its progeny and therefore no action by this court is required. The motion will be denied.

**NOW THEREFORE IT IS ORDERED** that Wingers' motion for leave to file additional pre-trial motions (Dkt # 19) be and hereby is **DENIED WITHOUT PREJUDICE**;

**IT IS FURTHER ORDERED** that Wingers' motion for discovery of use of electronic devices (Dkt # 20) be and hereby is **DENIED**;

**IT IS FURTHER ORDERED** that Wingers' motion for disclosure of impeaching information (Dkt # 21) be and hereby is **DENIED**;

**IT IS FURTHER ORDERED** that Wingers' motion for attorney voir dire (Dkt # 23) be and hereby is deferred to Judge Adelman for resolution;

**IT IS FURTHER ORDERED** that Wingers' motion for early return of trial subpoenas (Dkt # 25) be and hereby is **DENIED WITHOUT PREJUDICE**;

**IT IS FURTHER ORDERED** that Wingers' motion to require notice of intention to use other crimes, wrongs or acts evidence (Dkt # 26) be and hereby is **GRANTED IN PART AND DENIED IN PART** and the government shall disclose, at least 10 days prior to trial, notice of the general nature of any evidence of other crimes, wrongs, or acts that it intends to introduce at trial;

**IT IS FURTHER ORDERED** that Wingers' motion for pre-trial access to witnesses (Dkt # 27) be and hereby is **DENIED**;

**IT IS FURTHER ORDERED** that Wingers' motion to preclude prosecutor from conferring with prosecution witnesses (Dkt # 29) be and hereby is **DENIED WITHOUT PREJUDICE**;

**NOW THEREFORE IT IS ORDERED** that Cocoa-Vega's motion for joinder (Dkt # 33) be and hereby is **DENIED**;

**IT IS FURTHER ORDERED** that Cocoa-Vega's motion for discovery (Dkt # 34) be and hereby is **DENIED**;

**IT IS FURTHER ORDERED** that Cocoa-Vega's motion to produce confidential informant(s) (Dkt # 36) be and hereby is **DENIED**;

**IT IS FURTHER ORDERED** that Cocoa-Vega's motion to compel disclosure of information re: confidential informant(s) (Dkt # 35) be and here by is **DENIED**.

Your attention is directed to 28 U.S.C. § 636(b)(1)(A), Federal Rules of Criminal Procedure 59(a), and General Local Rule 72.3 (E.D. Wis.), whereby written objections to any order herein or part thereof may be filed within ten days of the date of service of this order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to object in accordance tithe the rules cited herein waives your right to review.

**SO ORDERED** this 20th day of February, 2008, at Milwaukee, Wisconsin.

/s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge